Luis Astacio Medina, Petitioner and Appellant, v. Bernabé Géigel, Warden of the Municipal Jail of Naguabo, Respondent and Appellee.

No. 4903. Argued January 18, 1933.—Decided February 17, 1933.

*Benjamín Guerra Mondragón* for appellant. *R. A. Gómez* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

On October 27, 1931, a complaint was filed in a municipal court. On March 17, 1932, the municipal court sustained a demurrer to the complaint and ordered the filing of a new one. The new complaint was filed April 29. At the trial, defendant moved for a discharge on the ground that the new complaint had not been filed within fifteen days after the date of the order authorizing the presentation thereof. Defendant then pleaded guilty and went to jail. The present appeal is from a refusal by the district court to issue a writ of habeas corpus.

By the terms of section 157 of the Code of Criminal Procedure an order sustaining a demurrer is a bar to another prosecution for the same offense unless the court directs the filing of a new information. Section 159 provides that any further action must follow the procedure prescribed by sections 147 and 148. Section 148 says that: "Unless a new information is filed within fifteen days, the court must order the defendant discharged unless by special reason the court extends the time of filing the information."

Obviously, if a new information has not been filed within the statutory period, the trial court, even after the expiration of that period, may extend the time for the filing of such information. *A fortiori*, if the new information has been filed before defendant moves for his discharge and within a reasonable time although not within the statutory period, the trial judge, in the exercise of a sound discretion and upon a proper showing by the prosecuting attorney, may refuse to discharge the defendant. In such a case there is no need for a formal extension of time. The question is whether or not in the circumstances the delay was excusable. If it was excusable, and if the judge for this reason refuses to discharge the defendant, such refusal is tantamount to a *nunc pro tunc* order for an extension of time. The mere fact that no order was entered expressly extending the time for the filing of the new information does not entitle the defendant to a writ of habeas corpus.

The district judge did not err in refusing to issue the writ and the order appealed from must be affirmed.